UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Civil Action No. 15-37-HRW

STATE FARM FIRE AND CASUALTY COMPANY,                         PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

HAROLD EUGENE ROMANS, *et al.*,                               DEFENDANTS.

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed this action seeking a declaration of its rights under a policy of insurance pursuant to 28 U.S.C. § 2201. The matter is pending for consideration of Defendants' Motion to Dismiss [Docket No. 9] State Farm opposes the motion. [Docket No. 14] For the reasons discussed below, the Defendants' motion will be overruled.

I.

This case arises from a lawsuit pending in Morgan Circuit Court wherein Defendant Teresa Fitzpatrick, as Administratrix of the Estate of Jonathan Craig Shepard, sued Defendants Harold and Lucille Romans in Morgan Circuit Court, Morgan County, Kentucky, for negligence, gross negligence, negligence per se, breach of contract, and violation of the Decedent's Due Process Rights under the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. 1983. [Complaint, Docket No. 1, ¶ 9].

Defendants Harold and Lucille Romans requested State Farm to provide them with a defense and indemnity for the claims asserted against them by Defendant Fitzpatrick in the state

court case pursuant to a Manufactured Home Policy ("the Policy") issued to Harold and Lucille Romans by State Farm, Policy Number 17-BB-Q845-6, effective for the policy year September 5, 2012 through September 5, 2013. *Id.* at ¶ 21.

In its Complaint, State Farm asserts that it is not obligated to defend or indemnify the Romans because their claims are excluded by the terms of the policy. *Id.*

In seeking dismissal, Defendants argue that the Court should decline to exercise jurisdiction because it would be more appropriate for the state court to decide the issues in this litigation.

## II.

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). District courts have broad discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996).

The Sixth Circuit has set forth five factors that district courts should consider in determining whether exercising jurisdiction under the Declaratory Judgment Act is appropriate. These factors are:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to

2

> res judicata;
> (4) whether the use of a declaratory remedy would increase friction
> between our federal and state courts and improperly encroach on
> state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more
> effective.

*Aetna*, 74 F.3d at 687 (citation and internal quotations omitted).

In addition, when analyzing the fourth factor, courts should consider three sub-factors:

> (1) whether the underlying factual issues are important to an
> informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate
> those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual
> and legal issues and state law and/or public policy, or whether
> federal common or statutory law dictates a resolution of the
> declaratory action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

In *Scottsdale Ins. Co. v. Flowers* the Sixth Circuit discussed the first two factors in great detail and recognized that there are two schools of though within this circuit regarding the proper interpretation of them. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008)

With regard to the first factor, the question is whether the declaratory action will settle the controversy. One line of cases has required that the action settle the underlying controversy in the state courts, while the other has only required that the controversy between the parties to the declaratory action be settled. *Id.* at 555. The Court in *Flowers* explained that while these diverging lines of cases may be explained by competing policy considerations, they might also be explained based on their different factual scenarios. *Id.* at 556. The Court noted that the line of

3

cases declining to exercise jurisdiction because the declaratory action could not settle the underlying state court controversy, did so because those cases required district courts to make factual determinations that were being developed in state court discovery. *Id.* at 556. However, where these same concerns were not present because the declaratory plaintiff was not a party to the state court action and the scope of insurance coverage nor the obligation to defend were before the state court, a declaratory judgment would resolve the insurance coverage controversy and clarify the legal relations at issue. *Id.*

Applying the reasoning in *Flowers* to the facts of this case, it is clear that this declaratory action will resolve the insurance coverage controversy. The only issue to be decided is whether, as a matter of law, State Farm has a duty to defend and indemnify Defendants in a separate state court action to which State Farm is not a party. The insurance coverage question is not before the state court and is irrelevant to the outcome of that case. Accordingly, this factor weighs heavily in favor of this Court exercising jurisdiction over this matter.

The second factor is often conflated with the first as the issues are interlinked. *Id.* The Court in *Flowers* stated that, as to the second factor, to require that the declaratory action clarify the legal relations between the parties before the district court is all that is needed. *Id.* As set forth above, a resolution of this case would resolve the coverage issue, thus clarifying the legal relations between the parties.

The third factor, to-wit, whether federal jurisdiction is being used to provide an arena for *res judicata*, is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum.'" *Flowers*, 513 F.3d at 558 (quoting

*Amsouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)).

In this case, the Court can find no evidence in the record that State Farm's' declaratory action was motivated by procedural fencing or to create a race to *res judicata*. Nor can the Court discern any other improper purpose or motive by State Farm, and without evidence of the same, the Court is not inclined to speculate in that regard. As a result, the Court concludes that this factor favors the exercise of jurisdiction in this case.

As for whether the declaratory action will increase friction between the state and federal courts, a district court must consider three sub-factors. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 814-15 (6th Cir. 2004). "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Id.*

The first sub-factor is whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action. *Flowers*, 513 F.3d at 560. In cases where a federal court must make factual findings in resolving a declaratory judgment action that might conflict with similar findings made by a state court, the exercise of jurisdiction is inappropriate. *Travelers*, 495 F.3d at 272. This case however, can be resolved as a matter of law, with no factual findings which may overlap with the findings of the Morgan Circuit Court.

The second sub-factor is whether this Court or state court is in a better position to resolve the issues presented by the declaratory action. Given that State Farm is not party in the appurtenant state Court action and that the declaratory judgment action does not appear to allege issues which are complex or novel, the Court is not convinced that a state court would necessarily be in a better position to decide the coverage issue.

5

The final sub-factor addresses whether the issues in this action implicates important state policies and are thus more appropriately considered in a state court. The Sixth Circuit has recognized that in general, "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Flowers*, 513 F.3d at 561 (quoting *Bituminous*, 373 F.3d at 273). However, not all cases involving insurance contract interpretation involve such important fundamental state policies that federal courts should decline to consider them. *Northland*, 327 F.3d at 454. This is particularly the case, where as here the issues involving the insurance contract do not appear to be especially novel or complex and can be decided as a matter of law.

Finally, whether an alternative remedy exists, the Court again notes that State Farm is not a party to the state court action nor is the question of coverage pending in that forum. Therefore, this factor would appear to weigh in favor of jurisdiction.

### III.

The Court is mindful that this particular case does not raise concerns of comity of federalism. Had those issues been implicated in a significant way, the undersigned would decline jurisdiction. However, in this matter, an exercise of jurisdiction appropriate because: (1) all of the parties from the state court action are parties to the federal action, and thus the state court parties would be bound by a declaratory judgment from the federal court; (2) the insurer-plaintiff in the federal action is not a party to the state court action; (3) the insurance coverage issues before the federal court are issues of law that can be decided without inquiring into factual questions being developed in state court discovery; (4) the coverage issues in the federal court are not before the state court, and therefore there is no risk of conflicting judgments; and (5) the

coverage issues before the federal court are not novel issues of state law.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 9] be **OVERRULED**.

This 22nd day of September, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

---

Henry R. Wilhoit, Jr., Senior Judge